UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINQUE FRANCIS DONNAY, SR.,

                Plaintiff,

-against-

YONKERS POLICE DEPARTMENT;
OFFICER MORIARITY; OFFICER FERRERA;
OFFICER CONTRI; OFFICER
WONDERMAN; YONKERS COURTHOUSE,

                Defendants.

25-CV-9356 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at the Westchester County Department of Corrections, paid the filing fee to bring this *pro se* action, under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him in the Yonkers City Courthouse on September 29, 2025.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

### A.     Yonkers Police Department

A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024); City of Yonkers, NY Charter, Art. XII, §§ C12-1 to C12-11) (Police Department); *Green v. City of Yonkers*, No. 10-CV-3653 (JFK), 2012 WL 554453, at *6 (S.D.N.Y. Feb. 21, 2012) (holding that the Yonkers Police Department "does not exist separate and apart from the municipality and does not have its own legal identity" (citations omitted)).

Plaintiff's claims against the Yonkers Police Department must therefore be dismissed because it lacks the capacity to be sued.[1]

### B.     Yonkers Courthouse

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff names the Yonkers courthouse as a Defendant.

---

[1] When a plaintiff sues a municipality, such as the City of Yonkers, under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Plaintiff did not name the City of Yonkers as a Defendant, and his claims do not appear to arise from a municipal policy, custom, or practice.

The courthouse is not a "person" for purposes of Section 1983, and is therefore not a proper defendant in a Section 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Sup. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court is not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail is not a "person" within the meaning of Section 1983).

The Court therefore dismisses Plaintiff's Section 1983 claims against the Yonkers courthouse for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(A)(b)(1).

**C.    Order of Service**

The Clerk of Court is directed to issue a summons as to Defendants Officer Moriarity, Officer Ferrera, Officer Contri, and Officer Wonderman.[2] Plaintiff is directed to serve the summons and complaint on Defendants within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Defendant or requested an extension of time to do so, the Court may dismiss the claims against Defendant under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Because Plaintiff has paid the filing fees, he is not entitled to have the summonses and complaint served by the U.S. Marshals Service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in *in forma pauperis* ("IFP") cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

**D.      Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[3]

**CONCLUSION**

The Court dismisses Plaintiff's claims against the Yonkers Police Department and the Yonkers City Courthouse. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to issue summonses as to Defendants Officer Moriarity, Officer Ferrera, Officer Contri, and Officer Wonderman and mail them to Plaintiff, along with an information package.

Local Rule 33.2 applies to this matter.

SO ORDERED.

Dated:      December 29, 2025
            New York, New York

_____
JESSICA G. L. CLARKE
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's *Pro Se* Intake Unit.